# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles N. Brannon,**
**Petitioner Below, Petitioner**

**FILED**

**October 10, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No.  17-0629** (Wood County 16-P-6)

**Karen Pszczolkowski, Superintendent,[1]**
**Northern Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles N. Brannon, by counsel D. Shane McCullough, appeals the June 12, 2017, order of the Circuit Court of Wood County that denied his petition for post-conviction habeas corpus relief. Respondent Karen Pszczolkowski, Superintendent of the Northern Correctional Center, by counsel Gordon Mowen, II, responded in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2004, Petitioner Charles N. Brannon entered a cafe in Parkersburg, displayed a pistol, and demanded cash from Jennifer Waybright in the presence of two other individuals. Petitioner was thereafter indicted for robbery in the first degree, as well as three counts of wanton endangerment involving a firearm.

Prior to trial, the State made two plea offers: The first provided that if petitioner pled guilty to first-degree robbery, the State would agree to a forty-year sentence cap. The second plea offer contemplated that if petitioner pled guilty to first-degree robbery with a firearm specification, the State would agree to a thirty-year sentence cap and the remaining charges would be dismissed. The pretrial colloquy transcript indicates that petitioner's trial counsel, Wells Dillon, apprised petitioner of both of these offers and petitioner rejected them.

At trial, the State called various witnesses, including Daniel Leroy Mullens. The State elicited testimony from Mr. Mullens regarding his inconsistent statements to the investigating police officers.  Mr. Mullens testified that: (1) he gave petitioner a ride on the night of the crime; (2) he observed the cash register drawer in the café and the firearm carried by petitioner; and (3)

---

[1] Effective July 1, 2018, the positions formerly designated as "wardens" are now "superintendents." *See* W.Va. Code § 15A-5-3.

1

petitioner gave Mr. Mullens a small amount of money for the ride after the robbery occurred. While petitioner contends this evidence made Mr. Mullens an accessory to the robbery, both Mr. Mullens and the State denied the existence of any agreement limiting the prosecution of Mr. Mullens in exchange for his testimony.

A jury found petitioner guilty on all four counts on November 4, 2004. The jury answered a special interrogatory finding that the robbery was committed with the use of a firearm. The trial court sentenced petitioner on March 4, 2005, to a term of sixty years for his conviction of first-degree robbery; one indeterminate term of one to five years for his conviction of wanton endangerment involving a firearm regarding the victim (Ms. Waybright), a sentence to run concurrent with the robbery conviction; and lastly, two additional indeterminate terms of one to five years for the other convictions of wanton endangerment involving a firearm, both to run consecutively after completion of the robbery sentence.

After trial, a new lawyer, Susan Paxton, filed petitioner's motion for reconsideration of sentence on July 7, 2005, which the trial court refused. Ms. Paxton also filed petitioner's direct appeal, which this Court refused on December 14, 2005. Thereafter, petitioner filed a pro se habeas petition. The habeas court appointed counsel who filed an amended petition on October 14, 2016. Following a February 6, 2017, omnibus evidentiary hearing, the habeas court denied relief by order entered June 12, 2017. Petitioner now appeals the denial of habeas relief.

We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

Petitioner raises four assignments of error on appeal. Petitioner first argues that the habeas court abused its discretion in denying petitioner's claims of ineffective assistance of trial and appellate counsel. This Court applies the following two-part *Miller/Strickland* test when weighing ineffective assistance claims:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*State v. Miller*, 194 W. Va. 3, 6, 459 S.E.2d 114, 117 (1995).

Petitioner claims that his trial counsel's and appellate counsel's errors deprived him of effective assistance of counsel. With regard to his trial counsel, petitioner's arguments vaguely presume that trial counsel's performance was deficient. Furthermore, petitioner applies a standard different from *Miller/Strickland*, that is, instead of arguing that, but for the alleged errors, the result of his trial "*would* have been different," petitioner asserts the errors "*could* have" affected the trial's outcome. Petitioner bases his claim on the following actions, or inactions, by trial counsel: (1) trial counsel did not file a motion for a change of venue; (2) trial counsel did not request a competency evaluation of petitioner; (3) trial counsel was unsuccessful in suppressing a photo array; (4) trial counsel did not challenge the constitutionality of the wanton endangerment and robbery statutes; (5)/(6) trial counsel did not convincingly explain the two plea offers to petitioner; (7) trial counsel did not clearly explain the effects of a "firearm enhancement" or "good time" on the length of petitioner's sentence; (8) trial counsel did not explain the State's burden of proof to petitioner; (9) trial counsel did not present a reasonable defense at trial; (10) trial counsel was unsuccessful in suppressing or attacking the testimony of Mr. Mullens; (11) trial counsel failed to move for a judgment of acquittal when the State did not introduce a firearm into evidence; (12) trial counsel coerced petitioner into admitting he committed the crimes at sentencing; and (13) trial counsel withdrew after trial and allowed another attorney to pursue post-trial motions and the appeal. With regard to petitioner's appellate counsel, petitioner contends (14) she failed to consult with him and to file an appropriate and complete appeal.

The trial record establishes that many of the "errors" alleged by petitioner were, in fact, strategic decisions made by counsel. As we have oft said, strategic decisions fall outside the scope of a *Miller/Strickland* challenge.

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, *State v. Miller,* 194 W.Va. at 6, 459 S.E.2d at 117. "What defense to carry to the jury, what witnesses to call, and what method of presentation to use is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Id.* at 16, 459 S.E.2d at 127.

Moreover, the "strong presumption that counsel's actions were the result of sound trial strategy . . . can be rebutted only by clear record evidence that the strategy adopted by counsel was unreasonable." *State v. LaRock*, 196 W.Va. 294, 309, 470 S.E.2d 613, 628 (1996) (citation omitted). Petitioner bore the responsibility of proving ineffective assistance in his habeas proceeding, and of creating a sufficient record. Instead of clear evidence, many of petitioner's allegations are pure speculation.

After reviewing the record presented, we find no error in the circuit court's decision regarding the effectiveness of petitioner's counsel. Viewed objectively, counsels' performance

3

was not deficient. More importantly, even if we presume that counsel engaged in unprofessional errors, the record fails to establish any reasonable probability that, in the absence of those presumed errors, the result of the proceedings would have been different. Put simply, the record fails to prove petitioner's claim petitioner was deprived of effective assistance of counsel.

Petitioner's second assignment of error is that the circuit court erred in its interpretation of the criminal statutes under which petitioner was convicted. The State's indictment alleged petitioner committed robbery when he took money from the victim "by the threat of deadly force by the presentation of a firearm[.]" *See* W.Va. Code § 61-2-12(a)(2) ("Any person who commits . . . robbery by . . . us[ing] the threat of deadly force by the presenting of a firearm . . . is guilty of robbery in the first degree[.]"). The indictment also alleged three counts of "wanton endangerment involving a firearm." *See* W.Va. Code § 61-7-12 (defining wanton endangerment involving a firearm as, "Any person who wantonly performs any act with a firearm which creates a substantial risk of death or serious bodily injury to another[.]").

Petitioner asserts that the circuit court erred when it failed to find his convictions are constitutionally invalid because, at trial, the State failed to introduce "actual, physical evidence of a 'firearm.'" Additionally, petitioner argues that his convictions are constitutionally invalid because the State failed to prove, beyond a reasonable doubt, that the pistol he used met the definition of a firearm found in two statutes regarding probation and parole. Those statutes – W.Va. Code §§ 62-12-2(d) [1999] and -13(b)(1)(A) [1999][2] – identically define a firearm as an instrument that will "expel a projectile by the action of an explosive, gunpowder, or any other similar means." Petitioner contends he was denied due process because the State failed to proffer evidence to the jury to establish the pistol was a "firearm" as defined in the probation and parole statutes.

We reject petitioner's constitutional challenge to the validity of his convictions. In *State v. Young*, 134 W.Va. 771, 61 S.E.2d 734 (1950), this Court examined the language of the robbery statute (W.Va. Code § 62-2-12) and concluded that the statute criminalizes the mere threat of using a firearm to steal money from another. In *Young*, we upheld a conviction where the robber made a gesture indicating he had a concealed weapon, and the victim thought he had a gun. In *State v. Combs*, 175 W.Va. 765, 338 S.E.2d 365 (1985), we likewise upheld a conviction where the defendant put his hand in his pocket and gestured in a way that the victim believed he had a gun. Moreover, a first-degree robbery conviction may be upheld even if the defendant did not use a real firearm: in *State v. Massey*, 178 W.Va. 427, 359 S.E.2d 865 (1987), the robber used a toy handgun; and in *State v. Phillips*, 199 W.Va. 507, 485 S.E.2d 676 (1997), the robber used an air gun. Accordingly, all that is necessary to support a conviction is "action by the defendant as would reasonably lead the victim to believe he had possession of a firearm." *Massey*, 178 W.Va. at 432, 359 S.E.2d at 870.

The trial record establishes that petitioner used a firearm when he robbed Ms. Waybright. The trial record also includes eyewitnesses testimony that petitioner displayed a pistol. There is no requirement in either the robbery statute or the wanton endangerment statute that the State

---

[2] The Legislature has amended these two statutes several times since petitioner's February 2004 offense. None of the amendments affects the outcome of this case.

4

introduce into evidence at trial the actual firearm used in those crimes. Instead, the State may obtain a conviction regarding the possession or use of a firearm through any relevant evidence. *See* Rule 402, West Virginia Rules of Evidence. To find otherwise would enable a defendant to escape conviction by disposing of a firearm after the commission of a crime. Here, the jury answered a special interrogatory specifically finding that petitioner used a firearm. Thus, the jury found, beyond a reasonable doubt, that petitioner used a firearm during the robbery, and, in so doing, wantonly endangered the safety of three individuals.

In his third assignment of error, petitioner asserts that the State engaged in prosecutorial misconduct. First, petitioner alleges that Mr. Mullens could be considered an accessory before or after the fact. Petitioner also avers, with certainty, that the State provided Mr. Mullens some sort of incentive to testify against petitioner, and that there must be a "gentlemen's agreement" between Mr. Mullens and the State that the State would not pursue charges against Mr. Mullens if he testified against petitioner. Third, petitioner claims Mr. Mullens gave conflicting statements before and during trial and the State knew it was using perjured testimony when it offered Mr. Mullens as a witness. Petitioner asserts he is entitled to habeas relief due to this misconduct.

The circuit court rejected petitioner's arguments, as do we, because the record does not support the existence of any misconduct by the State in this matter. Petitioner's trial counsel moved for the disclosure of any agreements between the State and Mr. Mullens, and the State responded that there was no agreement. Mr. Mullens also testified he had no agreement with the State. Additionally, the parties questioned Mr. Mullens before the jury concerning his conflicting statements. It is well established that the credibility of a witness is to be tested through cross-examination, and that "[c]redibility determinations are for a jury and not an appellate court." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Accordingly, because petitioner wholly fails to support his claim, we find no error.

Petitioner's fourth and final assignment of error concerns various evidentiary rulings in his original criminal trial. For example, petitioner contends that the police improperly used a photo array and denied him access to exculpatory evidence by failing to provide him with reports regarding similar robberies. Overall, petitioner contends that there was insufficient evidence to support his conviction.

We reject petitioner's fourth assignment of error. Petitioner could have challenged these evidentiary rulings in his direct appeal. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). More importantly, in a habeas proceeding, this Court is highly deferential to a jury's verdict.

> A convicted defendant who presses a claim of evidentiary insufficiency faces an uphill climb. The defendant fails if the evidence presented, taken in the light most agreeable to the prosecution, is adequate to permit a rational jury to find the essential elements of the offense of conviction beyond a reasonable doubt. Phrased another way, as long as the aggregate evidence justifies a judgment of conviction, other hypotheses more congenial to a finding of innocence need not be ruled out. We reverse only if no rational trier of fact could

5

have found the essential elements of the crime beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. at 303, 470 S.E.2d at 622. Here, the record contains substantial evidence to support, beyond a reasonable doubt, the essential elements of petitioner's convictions for first-degree robbery and wanton endangerment. Accordingly, we find no error.

For the foregoing reasons, we affirm the circuit court's June 12, 2017, order denying habeas relief.

Affirmed.

**ISSUED:** October 10, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry, II, suspended and therefore not participating.